HENRY SHAFT, ADMINISTRATOR, ETC., RESPONDENT, *v.* THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, APPELLANT.

*Policy of insurance — power of agent — ratification of acts of, by company.*

A policy of insurance was issued to the plaintiff's intestate, upon which was printed a notice that the agent had no authority to receive any premium after the date of its becoming due, without special permission from the officers of the company. On the twenty-sixth of July, the agent wrote to the deceased stating that the amount of the premium due July twelfth was seven dollars and eighty-eight cents, and that the same might be sent by mail. Between the twenty-sixth and thirtieth of July this amount was sent to the agent, who acknowledged the receipt thereof on the thirtieth, and sent the renewal receipt. The insured died on the first of August. The company received the premium, and never returned or offered to return the same. In an action upon the policy the company claimed that the agent had no authority to receive the premium. Upon the trial no evidence was given as to the authority of the agent. *Held*, that the acts of the agent and the company, in accepting and retaining the premium, were such as to authorize the finding that he was authorized to receive the same and to deliver the renewal receipt therefor.

Under the circumstances, it was not incumbent upon the insured to apply himself to the company, in order to ascertain whether it had authorized the agent to receive the premium and deliver the renewal receipt therefor.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict directed in favor of the plaintiff.

*Hand, Hale, Swartz & Fairchild,* for the appellant.

*Beardsley, Cookingham & Burdick,* for the respondent.

MULLIN, P. J.:

This action was brought to recover $1,000 on a life insurance policy, issued by the defendants upon the life of William E. Shaft. The policy was dated twelfth April; the premiums were payable quarterly. Indorsed on the policy delivered to the insured was the following, viz.: The assured will please take notice that no receipt for premiums on this policy is valid, unless signed by the president or secretary of the company at Hartford, Connecticut, and that no agent has authority to receive any premiums without first presenting a regularly signed receipt from the president or secretary, or to interline or otherwise change any policy, or to receive any premium after date of its being due, without special permission from the officers of the company.

A quarterly payment came due on the policy on the 12th July, 1873. It was not paid. The agent, who received the application through whom the company communicated with the assured, wrote to the latter a letter dated the 26th July, 1873, informing him that he (the agent) had received a renewal of the policy, and that the amount due was seven dollars and eighty-eight cents, which sum he could send by mail. On some day between the 26th and 30th July, 1873, the amount called for by the policy as the premium due on the twelfth July was sent to the agent, and the receipt of it acknowledged by him on the thirtieth. In the same letter was inclosed the renewal receipt.

The insured died on the first of August; the letter and receipt were received some days after his death. A recovery on the policy is resisted on the ground, amongst others, that the premium not having been paid on the twelfth July the policy became void, and could not be renewed or continued without permission of the company, and no such permission was ever obtained.

The answer to the objection to a recovery is, that the premium

was paid to the agent at Utica, and by him remitted to the agent at Albany and has been retained, and neither returned nor offered to be returned by the defendant.

The insured was fully informed of the want of authority of an agent to accept the premium after the day on which it was payable. A notice to that effect was printed on the back of the policy. But the agent might accept it if he had special authority so to do from the company. There is no evidence in the case as to whether he had such authority. Under ordinary circumstances it would be incumbent on the insured to prove the authority, if he relied upon a renewal by acceptance by an agent after the day of payment had passed. In the ordinary course of business the insured deals with the agent, applies to him for and receives the policy from him, and makes to him all payments of premiums unless, perhaps, he resides in the place where the principal office of the company is situated.

It was competent for the company to accept the payment after the day, and the insured might make the venture and pay the premium to the agent, leaving him to obtain the consent of the company.

When he pays the agent and a renewal receipt is received by him from the agent, he has the right to assume that the agent has sent the receipt with the knowledge and approbation of the company.

The money and the receipt, in the ordinary course of business, pass through the agent's hands. The insured, on the receipt of the renewal receipt, might, by way of precaution, inquire of the agent whether the officers had given him special authority to deliver the receipt, and if he should answer in the affirmative, and the company should keep the money, it would not be contended that the renewal was not valid.

The conduct of the agent and of the company in this case was just as high evidence that the officers of the company had consented to the acceptance of the premiums by the agent, as if it had been uttered in words.

The agent knows as well as the insured that he has no authority to deliver a renewal receipt without the approval of the company, when the premium was over due.

When he accepted the premium it was his duty to inform the company of it, and obtain their approval if he could, and it was only in the event that he obtained it, that he was authorized to deliver the receipt. The delivery of it was equivalent to a declaration that he had applied for and obtained such consent.

The insured could not get access to the correspondence that passed between the agent and the company. He must depend entirely upon the acts and declarations of the agent.

It may be said it was the duty of the insured to apply to the company itself in order to ascertain whether the acceptance of the premium by the agent was approved. This he was not obliged to do, and it would be a serious annoyance if any such practice should be sanctioned, not only to the insured, but to the company itself.

Agents are appointed to stand between the company and those insured by it, and the action of the company is learned through the agent.

It seems reasonable and just that in a case like this it should be held that the agent was bound to consult the company, as to whether he should accept the premium and deliver the renewal receipt, and if consent was refused, then it was his duty to notify the insured of it; and if not done, and especially if the premium paid is not returned, but kept by the company, the company should be deemed to have assented.

The plaintiff was not informed that the policy was not properly renewed until 26th September, 1873, when Fillow, an agent of the defendant, called on him and informed him that the policy was void.

When the evidence was closed the court inquired of the counsel whether there was any question of fact they desired to be submitted to the jury. No request to submit any question was made, and the court assumed that neither party desired a submission. He therefore ordered a verdict for the plaintiff, and directed the exceptions to be heard in the first instance in the General Term.

The court, with the acquiescence of counsel, assumed to determine the question of fact. These questions were: 1st. Whether the insured was guilty of misrepresentations as to his health in his application for insurance. 2d. Whether the release defendant

obtained from the plaintiff was obtained by the fraud of the defendant's agent.

On these questions I think the decision of the court was correct. No fraud is proved as to the first question of fact, but it is clearly proved as to the second.

The defendant's counsel excepted to the order that the jury render a verdict for the plaintiff, and a verdict was thereupon rendered for the amount of the policy, less $150, which had been paid by defendant to the plaintiff as the consideration for the release.

The motion for a new trial should be denied and a judgment ordered for plaintiff on the verdict.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

New trial denied.